1  KAREN P. HEWITT
   United States Attorney
2  THOMAS STAHL
3  Assistant U.S. Attorney
   California State Bar No. 078291
4  United States Attorney's Office
   Federal Office Building
5  880 Front Street, Room 6293
6  San Diego, CA 92101-8893
   Email: thomas.stahl@usdoj.gov
7  Telephone: (619) 557-7140
   Facsimile: (619) 557-5004
8
9  RONALD J. TENPAS
   Assistant Attorney General
10 JEAN WILLIAMS, Chief
   LISA RUSSELL, Assistant Chief
11 MEREDITH L. FLAX, Trial Attorney, Pro Hac Vice (D.C. Bar 468016)
   U.S. Department of Justice
12 Environment & Natural Resources Division
13 Wildlife & Marine Resources Section
   Ben Franklin Station, P.O. Box 7369
14 Washington, D.C. 20044-7369
   Telephone: (202) 305-0404
15 Facsimile: (202) 305-0275

16
   Attorneys for Defendants
17

18          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF CALIFORNIA

19

20 _____ )
                                          )
   CENTER FOR BIOLOGICAL DIVERSITY        )
21                                         )
          Plaintiff,                       )
22                                         )   Case No. 07-2380-JM-AJB
          vs.                              )
23                                         )   FEDERAL DEFENDANTS'
                                           )   ANSWER TO PLAINTIFF'S
24 KEMPTHORNE, et al.,                     )   COMPLAINT FOR
                                           )   DECLARATORY AND
25        Defendants.                      )   INJUNCTIVE RELIEF
   _____ )
26

27

28

The United States Fish and Wildlife Service ("Service") and Secretary Dirk Kempthorne, in his official capacity as Secretary of the United States Department of the Interior (collectively "Defendants"), by and through counsel, hereby answer Plaintiff's Complaint by responding to the corresponding numbered paragraphs of the Complaint as follows:

1.      The allegations in the first and seventh sentences of paragraph 1 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in the first and seventh sentences of paragraph 1.  The remaining allegations in paragraph 1 characterize the Federal Register notices at 59 Fed. Reg. 64,859 (December 16, 1994), 65 Fed. Reg. 36,512 (June 8, 2000), 66 Fed. Reg. 9,414 (February 7, 2001), 69 Fed. Reg. 23,254 (April 28, 2004), and 70 Fed. Reg. 19,562 (April 13, 2005), which speak for themselves and provide the best evidence of their contents and meaning.  Any allegations contrary to the notices' plain language and meaning are denied.

2.      The allegations in paragraph 2 characterize a July 20, 2007 Service press release and November 23, 2007 letter to Representative Rahall, which speak for themselves and provide the best evidence of their contents and meaning.  Any allegations contrary to the press release's and letter's plain language and meaning are denied.

3.      The allegations in paragraph 3 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in paragraph 3.

4.      The allegations in paragraph 4 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in paragraph 4.

5.      In response to the allegations in the first sentence of paragraph 5, Defendants admit that Plaintiff sent a letter dated August 28, 2007, addressed to Secretary Kempthorne and Director Dale Hall, purporting to give notice of a lawsuit.  Defendants admit the allegations in the second sentence of paragraph 5.  The allegations in the third sentence of paragraph 5 are legal

conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in the third sentence of paragraph 5.

6.      Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations in the first through sixth and eighth sentences of paragraph 6, and on that basis deny the same.  The allegations in the seventh sentence of paragraph 6 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in the seventh sentence of paragraph 6.

7.      The allegations in paragraph 7 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in paragraph 7.

8.      Defendants admit the allegations in the first sentence of paragraph 8.  In response to the allegations in the second sentence of paragraph 8, Defendants admit that the Secretary of the Department of the Interior ("Secretary") is authorized and required by federal law to protect and manage the fish, wildlife, and native plant resources of the United States that fall within his statutory jurisdiction, and that administration of portions of the Endangered Species Act ("ESA"), including the designation of critical habitat pursuant to section 4 of the ESA, are some of his statutory responsibilities.  The allegations in the third sentence of paragraph 8 characterize Plaintiff's Complaint and require no response.

9.      Defendants admit the allegations in the first sentence of paragraph 9.  In response to the allegations in the second sentence of paragraph 9, Defendants admit that the Service has been delegated authority from the Secretary to administer and implement portions of the ESA, including the designation and revision of critical habitat pursuant to section 4 of the ESA, with regard to the fish, wildlife, and native plant resources of the United States that fall within its statutory jurisdiction.

10.     Defendants admit the allegations in the first sentence of paragraph 10, but aver that the

arroyo toad also occurs in Baja California.  The remaining allegations in paragraph 10 characterize the Federal Register notices at 59 Fed. Reg. 64,859 (December 16, 1994), 66 Fed. Reg. 9,414 (February 7, 2001) and 69 Fed. Reg. 23,254 (April 28, 2004), which speak for themselves and provide the best evidence of their contents and meaning.  Any allegations contrary to the notices' plain language and meaning are denied.

11.     The allegations in the first through ninth sentences of paragraph 11 characterize the ESA, which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the statute's plain language and meaning are denied.  In response to the allegations in the tenth sentence of paragraph 11, Defendants admit that the Secretary has delegated some authority to the Service to administer and implement portions of the ESA with regard to the fish, wildlife, and native plant resources of the United States that fall within its statutory jurisdiction.

12.     Defendants admit the allegations in the first sentence of paragraph 12.  The remaining allegations in paragraph 12 characterize the recovery plan for the arroyo toad, which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the recovery plan's plain language and meaning are denied.

13.     In response to the allegations in the first sentence of paragraph 13, Defendants admit the Service did not designate critical habitat for the arroyo toad at the time it was listed.  The remaining allegations in the first sentence of paragraph 13 characterize the ESA, which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the statute's plain language and meaning are denied.  The allegations in the second sentence of paragraph 13 characterize the complaint filed in <u>Southwest Center for Biological Diversity, et al. v. USFWS, et al.</u>, Case No. 99-CV-1003 WHA (N.D. Cal.), which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the complaint's plain

language and meaning are denied. The allegations in the third sentence of paragraph 13 characterize a settlement agreement and the Federal Register notice at 65 Fed. Reg. 36,512 (June 8, 2000), which speak for themselves and provide the best evidence of their contents and meaning. Any allegations contrary to the settlement agreement's and notice's plain language and meaning are denied.

14.    The allegations in the first sentence of paragraph 14 characterize the Federal Register notice at 66 Fed. Reg. 9,414 (February 7, 2001), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the notice's plain language and meaning are denied. The remaining allegations in paragraph 14 characterize the opinion issued in Building Industry Legal Defense Foundation, et al. v. Norton, 231 F. Supp. 2d 100 (D.D.C. 2002), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the opinion's plain language and meaning are denied.

15.    The allegations in the first and second sentences of paragraph 15 characterize the Federal Register notice at 69 Fed. Reg. 23,254 (April 28, 2004), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the notice's plain language and meaning are denied. The remaining allegations in paragraph 15 characterize the recovery plan for the arroyo toad and the Federal Register notice at 69 Fed. Reg. 23,254 (April 28, 2004), which speak for themselves and provide the best evidence of their contents and meaning. Any allegations contrary to the recovery plan's and notice's plain language and meaning are denied.

16.    The allegations in the first sentence of paragraph 16 characterize the Court's June 25, 2004 minute order in Building Industry Legal Defense Foundation, et al. v. Norton, 01-2311-JDB (D.D.C.), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the order's plain language and meaning are denied. The

remaining allegations in paragraph 16 characterize the Federal Register notice at 70 Fed. Reg. 7,459 (February 14, 2005), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the notice's plain language and meaning are denied.

17.    The allegations in paragraph 17 characterize the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the notice's plain language and meaning are denied.

18.    The allegations in paragraph 18 characterize the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the notice's plain language and meaning are denied.

19.    The allegations in the first through third sentences of paragraph 19 characterize the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005), which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the notice's plain language and meaning are denied. The allegations in the fourth sentence of paragraph 19 characterize the ESA, which speaks for itself and provides the best evidence of its contents and meaning. Any allegations contrary to the statute's plain language and meaning are denied. The allegations in the fifth sentence of paragraph 19 are legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations in the fifth sentence of paragraph 19.

20.    The allegations in the first sentence of paragraph 20 are legal conclusions which require no response. The remaining allegations in paragraph 20 characterize the Federal Register notices at 69 Fed. Reg. 23,254 (April 28, 2004), 70 Fed. Reg. 7,459 (February 14, 2005), and 70 Fed. Reg. 19,562 (April 13, 2005), which speak for themselves and provide the best evidence of their contents and meaning. Any allegations contrary to the notices' plain language and meaning are denied.

21.     The allegations in the first and fourth sentences of paragraph 21 characterize the Federal

Register notices at 70 Fed. Reg. 7,459 (February 14, 2005) and 70 Fed. Reg. 19,562 (April 13,

2005), which speak for themselves and provide the best evidence of their contents and meaning.

Any allegations contrary to the notices' plain language and meaning are denied.  The allegations

in the second sentence of paragraph 21 characterize the ESA, which speaks for itself and

provides the best evidence of its contents and meaning.  Any allegations contrary to the statute's

plain language and meaning are denied.  The allegations in the third sentence of paragraph 21

characterize the Administrative Procedure Act, which speaks for itself and provides the best

evidence of its contents and meaning.  Any allegations contrary to the statute's plain language

and meaning are denied.  The allegations in the fifth sentence of paragraph 21 relating to the

Federal Register notices at 70 Fed. Reg. 7,459 (February 14, 2005) and 70 Fed. Reg. 19,562

(April 13, 2005) characterize those notices, which speak for themselves and provide the best

evidence of their contents and meaning.  Any allegations contrary to the notices' plain language

and meaning are denied.  The remaining allegations in the fifth sentence of paragraph 21 are

legal conclusions which require no response.  To the extent a response is required, Defendants

deny the remaining allegations in the fifth sentence of paragraph 21.

22.     The allegations in paragraph 22 are legal conclusions which require no response.  To the

extent a response is required, Defendants deny the allegations in paragraph 22.

23.     The allegations in paragraph 23 are legal conclusions which require no response.  To the

extent a response is required, Defendants deny the allegations in paragraph 23.

24.     The allegations in the first sentence of paragraph 24 characterize the ESA, which speaks

for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to

the statute's plain language and meaning are denied.  The allegations in the second sentence of

paragraph 24 are legal conclusions which require no response.  To the extent a response is

required, Defendants deny the allegations in the second sentence of paragraph 24.

25.    Defendants deny the allegations in the first sentence of paragraph 25.  The allegations in the second sentence of paragraph 25 characterize the opinion issued in <u>Gifford Pinchot Task Force v. U.S. Fish and Wildlife Service</u>, 378 F.3d 1059 (9th Cir. 2004), which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the opinion's plain language and meaning are denied.  In response to the allegations in the third sentence of paragraph 25, Defendants admit the Service has not formally revised the regulatory definition of "adverse modification."  The allegations in the fourth sentence of paragraph 25 characterize the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005), which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the notice's plain language and meaning are denied.  The allegations in the fifth sentence of paragraph 25 relating to the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005) characterize that notice, which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the notice's plain language and meaning are denied.  The remaining allegations in the fifth and sixth sentences of paragraph 25 are legal conclusions which require no response.

26.    The allegations in paragraph 26 characterize the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005) and its associated economic analysis, which speak for themselves and provide the best evidence of their contents and meaning.  Any allegations contrary to the notice's and economic analysis' plain language and meaning are denied.

27.    The allegations in paragraph 27 characterize the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005) and its associated economic analysis, which speak for themselves and provide the best evidence of their contents and meaning.  Any allegations contrary to the notice's and economic analysis' plain language and meaning are denied.

28.     The allegations in the first and fifth sentences of paragraph 28 are legal conclusions which require no response.  The allegations in the second and third sentences of paragraph 28 characterize the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005) and its associated economic analysis, which speak for themselves and provide the best evidence of their contents and meaning.  Any allegations contrary to the notice's and economic analysis' plain language and meaning are denied.  The allegations in the fourth sentence of paragraph 28 characterize the Federal Register notice at 69 Fed. Reg. 23,254 (April 28, 2004), which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the notice's plain language and meaning are denied.

29.     The allegations in the first sentence of paragraph 29 characterize a November 23, 2007 letter to Representative Rahall, which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the letter's plain language and meaning are denied.  The allegations in the second sentence of paragraph 29 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 29.

30.     Defendants' responses to the allegations in paragraphs 1 through 29 are incorporated herein by reference.

31.     The allegations in the first and third sentences of paragraph 31 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations in the first and third sentences of paragraph 31.  The allegations in the second sentence of paragraph 31 relating to the Federal Register notice at 70 Fed. Reg. 19,562 (April 13, 2005) characterize that notice, which speaks for itself and provides the best evidence of its contents and meaning.  Any allegations contrary to the notice's plain language and meaning are denied.  The remaining allegations in the second sentence of paragraph 31 are legal conclusions which require

no response. To the extent a response is required, Defendants deny the allegations in the first and third sentences of paragraph 31.

32.      The allegations in the first, third and fourth sentences of paragraph 32 are legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations in the first, third and fourth sentences of paragraph 32. The allegations in the second sentence of paragraph 32 characterize the Federal Register notices at 69 Fed. Reg. 23,254 (April 28, 2004) and 70 Fed. Reg. 19,562 (April 13, 2005), which speak for themselves and provide the best evidence of their contents and meaning. Any allegations contrary to the notices' plain language and meaning are denied.

33.      The allegations in paragraph 33 are legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations in paragraph 33.

### PRAYER FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

### GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

Dated: February 25, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney
THOMAS STAHL
Assistant U.S. Attorney
California State Bar No. 078291
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293

San Diego, CA 92101-8893
Email: thomas.stahl@usdoj.gov
Telephone: (619) 557-7140
Facsimile: (619) 557-5004

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
SETH M. BARSKY,  Assistant Chief


_____/s/  Meredith L. Flax_____
MEREDITH L. FLAX, Trial Attorney
District of Columbia Bar No. 468016
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0404
Facsimile: (202) 305-0275
Meredith.Flax@usdoj.gov

*Attorneys for Defendants*

OF COUNSEL:

Cheryll F. Dobson
Office of the Solicitor
U.S. Department of the Interior
Pacific Southwest Regional Office
2800 Cottage Way, Room E-1712
Sacramento, CA 95825-1890

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

_____
                                                    )
CENTER FOR BIOLOGICAL DIVERSITY                     )
                                                    )
                    Plaintiff,                      )
                                                    )          Case No. 07-2380-JM-AJB
          vs.                                       )
                                                    )          CERTIFICATE OF SERVICE
KEMPTHORNE, et al.,                                 )
                                                    )
                    Defendants.                     )
_____)

          IT IS HEREBY CERTIFIED THAT:

          I, Meredith L. Flax, am a citizen of the United States and am at least eighteen years of

age.  My business address is 601 D Street, N.W., Room 3908, Washington, D.C. 20004.

          I am not a party to the above-entitled action.  I have caused service of Federal

Defendants' Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief on the

following parties by electronically filing the foregoing with the Clerk of the District Court using

its ECF System, which electronically notifies them:

          1.       Lisa Belenky, Attorney for Plaintiff

I have caused service by first class U.S. mail on the following parties:

          1.       John Buse, Attorney for Plaintiff

          I declare under penalty of perjury that the foregoing is true and correct.

          Executed on February 25, 2008.


                                              _____
                                                   s/ Meredith L. Flax
                                              MEREDITH L. FLAX
                                              Email: meredith.flax@usdoj.gov