1 | David P. Hubbard (State Bar No. 148660)
2 | Mark J. Dillon (State Bar No. 108329)
  | Rachel C. Cook (State Bar No. 230140)
3 | Gatzke Dillon & Ballance LLP
  | 1525 Faraday Avenue, Suite 150
4 | Carlsbad, California 92008
  | Telephone: (760) 431-9501
5 | Facsimile:  (760) 431-9512

6 | Attorneys for Real Party-Intervenor,
  | The Newhall Land and Farming Company

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) | Case No. 07-CV-2380 (JM AJB) |
| ) | |
| Plaintiff, ) | **THE NEWHALL LAND AND FARMING COMPANY'S MOTION TO INTERVENE AS REAL PARTY-INTERVENOR** |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FISH AND WILDLIFE ) | |
| SERVICE and DIRK KEMPTHORNE, ) | Assignment: |
| Secretary of the Interior ) | The Honorable Jeffrey T. Miller |
| ) | |
| Defendants. ) | |
| ) | |

Date: April 25, 2008
Time: 1:30 p.m.
Place: Courtroom 16

---

*THE NEWHALL LAND AND FARMING COMPANY'S MOTION TO INTERVENE AS REAL PARTY-INTERVENOR*        07CV2380

For the reasons set forth below and in the accompanying memorandum of points and authorities, The Newhall Land and Farming Company ("Newhall") moves to intervene in the above-captioned action as a real party in interest, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and to file the attached answer to Plaintiff's Complaint for Injunctive and Declaratory Relief.  Newhall hereby notifies this Court that the parties have met and conferred and that there is no opposition to the granting of the motion as described below, and submits the following in support of the motion:

1. Plaintiff filed a complaint in the captioned action on December 19, 2007, asserting violations of the Endangered Species Act, 16 U.S.C. §§1531-1599 ("ESA").  Specifically, plaintiff alleges that the Secretary of the Interior ("Secretary") and the United States Fish and Wildlife Service ("FWS") "fail[ed] to issue a legally sufficient designation of 'critical habitat' for the arroyo toad (*Bufo californicus*)" in the rule published in the Federal Register on April 13, 2005.  (Complaint, p.1 at ¶1.)  The complaint further alleges that the final rule was tainted by certain, potentially improper actions of then-Deputy Assistant Secretary for FWS, Julie MacDonald.  The complaint requests that the Court: (1) declare that the statute was violated; (2) issue an injunction requiring that FWS adopt a new rule; and (3) invalidate the final rule designating the critical habitat of the arroyo toad (50 C.F.R. §402.02), with an order that the Secretary vacate and set aside the rule, and promulgate a new rule correcting the alleged errors.  (Complaint, p. 13.)  In addition, the complaint seeks interim injunctive relief.  Specifically, the complaint requests that the Court set aside the final rule on arroyo toad critical habitat, issued on April 13, 2005, and, on an interim basis, replace it with the draft rule issued on April 28, 2004.  This "interim" rule would remain in effect until FWS prepares and adopts a new rule designating the arroyo toad critical habitat.  In the meantime, the complaint asks that the Court prohibit the federal defendants from

1

issuing biological opinions on incidental take permits relating to properties located within potential critical habitat areas.

2.  Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right when a statute of the United States confers an unconditional right to intervene or when the applicant claims an interest in the subject matter of the action which may be affected. Newhall meets the requirements of Rule 24(a) because Newhall owns property located in Unit 6, Subunit B ("Unit 6b"), of the arroyo toad critical habitat designation, as proposed in the *draft* rule published on April 28, 2004. However, in the *final* rule published on April 13, 2005, Unit 6b was excluded from the critical habitat designation due to: (1) economic considerations under Section 4(b)(2) of the ESA; and (2) FWS' determination that habitat conservation plans and other conservation measures provided adequate protection of the species in this area. The complaint, however, seeks to invalidate the final rule and replace it, in the interim, with the draft rule dated April 28, 2004. If this were to happen, Newhall's property would be deemed "interim" critical habitat. In addition, the complaint requests that the Court prohibit the federal defendants from issuing any biological opinions or incidental take permits until the new critical habitat rule is adopted in final form. Such a prohibition would dramatically and adversely affect Newhall's current plans to develop its property in Unit 6b. Therefore, Newhall has a significant, protectable property interest related to the subject of this action. Furthermore, Newhall's interest is more definite and narrow than those of the public at large.

3.  Rule 24(b) also provides for permissive intervention when an applicant's claim or defense and the main action have common questions of law or fact. The facts set forth in paragraph 2, above, demonstrate that Newhall's interest in defending against plaintiff's claims is rooted in common questions of fact with respect to the property that will be designated as arroyo toad critical habitat. Fed. R. Civ.P.24(b) provides that where, as here, a timely application poses

2

no threat of prejudice to the present parties and involves, as here, legal and factual questions that substantially overlap with those raised by the initial parties, intervention should be granted. Therefore, the requirements for permissive intervention have been met as well.

4.    In addition, Newhall's proposed intervention is timely. Newhall became aware of this lawsuit soon after the filing of the initial complaint. Newhall then promptly investigated the allegations raised and notified the parties in February 2008 that it was pursuing projects that might be affected by this action, and that it would seek to intervene; and all parties, through their counsel, have stated that they were *not* opposed to Newhall's intervention. (See Affidavit of David Hubbard, ¶¶2-3.) Additionally, based on the early stage of the case, the parties will not be prejudiced by this intervention request.

5.    Further, Newhall cannot rely upon the federal defendants to safeguard its interests in this action. The Secretary and FWS serve interests different from those of Newhall; and, therefore, they will employ strategies and arguments that may diverge significantly from those necessary to protect Newhall's property interests. Moreover, the Secretary and FWS do not have the requisite familiarity with Newhall's interests that would allow them to litigate on Newhall's behalf. The only way for Newhall to ensure its interests are protected is to intervene.

6.    Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, filed concurrently with this motion is Newhall's proposed answer to plaintiff's Complaint for Injunctive and Declaratory Relief.

7.    In its order dated February 26, 2008, the Court set an Early Neutral Evaluation ("ENE") conference for March 26, 2008. In compliance with that order, Newhall's settlement brief is filed concurrently with this motion, which meets the March 19, 2008 deadline set by the order. During the ENE conference, Newhall will be prepared to discuss the scheduling of the Federal Rule of Civil Procedure 26(f) conference, and set the dates of initial disclosures and

3

1  lodging of the discovery plan, as required under the Federal Rule of Civil Procedure and local
2  court rules.
3     Accordingly, Newhall respectfully requests that the Court grant this motion to intervene
4  and direct the Clerk of the Court to file the attached Answer.  A proposed Order is attached to this
5  motion.
6
7  March 19, 2008                              Respectfully submitted,

         David P Hubbard
         Mark J. Dillon
         Rachel C. Cook
         Gatzke Dillon & Ballance LLP

         Attorney for Applicant for Intervention, The Newhall
         Land and Farming Company


                                 By: ___*/s/ David P. Hubbard*_____
                                         David P. Hubbard

28                                    4