1   David P. Hubbard (State Bar No. 148660)
    Mark J. Dillon (State Bar No. 108329)
2   Rachel C. Cook (State Bar No. 230140)
    Gatzke Dillon & Ballance LLP
3   1525 Faraday Avenue, Suite 150
    Carlsbad, California 92008
4   Telephone: (760) 431-9501
    Facsimile:  (760) 431-9512
5
6   Attorneys for Real Party-Intervenor,
    The Newhall Land and Farming Company
7
8                    **UNITED STATES DISTRICT COURT**
9                 **SOUTHERN DISTRICT OF CALIFORNIA**
10
    CENTER FOR BIOLOGICAL DIVERSITY,   )    Case No. 07-CV-2380 (JM AJB)
11                                     )
                      Plaintiff,       )    **THE NEWHALL LAND AND**
12                                     )    **FARMING COMPANY'S**
    v.                                 )    **MEMORANDUM OF POINTS AND**
13                                     )    **AUTHORITIES IN SUPPORT OF**
                                       )    **MOTION TO INTERVENE AS REAL**
14  UNITED STATES FISH AND WILDLIFE    )    **PARTY-INTERVENOR**
    SERVICE and DIRK KEMPTHORNE,       )
15  Secretary of the Interior          )
                                       )    Assignment:
16                    Defendants.      )    The Honorable Jeffrey T. Miller
17  _____)
                                       )
18  THE NEWHALL LAND AND FARMING       )
    COMPANY,                           )
19                                     )    Date:    April 25, 2008
                      Real Party-Intervenor.  )  Time:   1:30 p.m.
20  _____)    Place:   Courtroom 16
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

The Newhall Land and Farming Company ("Newhall") moves to intervene in the captioned action as a real party in interest, pursuant to Rule 24(a) or Rule 24(b) of the Federal Rules of Civil Procedure. In this action, plaintiff, Center for Biological Diversity ("plaintiff"), filed a complaint on December 19, 2007, asserting violations of the Endangered Species Act, 16 U.S.C. §§1531-1599 ("ESA"). Specifically, plaintiff alleges that the Secretary of the Interior ("Secretary") and the U.S. Fish and Wildlife Service ("FWS") "fail[ed] to issue a legally sufficient designation of 'critical habitat' for the arroyo toad (*Bufo californicus*)" in the rule published in the Federal Register on April 13, 2005. (Complaint, p.1 at ¶1.) The complaint further alleges that the final rule was tainted by certain, potentially improper actions of then-Deputy Assistant Secretary for FWS, Julie MacDonald.

The complaint requests declaratory relief that the statute was violated, an injunction requiring that a new rule be issued, and invalidation of the final rule designating arroyo toad critical habitat (50 C.F.R. §402.02), with an order that the Secretary vacate and set aside the rule to promulgate a new rule correcting the alleged errors. (Complaint, p.13.) The complaint also seeks interim injunctive relief, according to which the current critical habitat final rule, issued on April 13, 2005, would be replaced, in the interim, by the draft critical habitat rule issued on April 28, 2004. The complaint further requests that the Court issue an Order prohibiting the federal defendants from adopting biological opinions or approving incidental take permits relating to property located in potential critical habitat areas until such time as a new rule for arroyo toad critical habitat is adopted. (*Id.*)

Because the requested injunctive relief has the potential to directly impact Newhall's property interests, Newhall has a significant legal interest in the subject matter of this action, and

1

THE NEWHALL LAND AND FARMING COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE AS REAL PARTY-INTERVENOR

07CV2380

requests that this Court grant Newhall leave to intervene.  As explained below, there is no opposition anticipated to Newhall's intervention request.

**II.    FACTUAL SETTING**

Newhall is a land management company based in Valencia, California, specializing in master-planned, mixed-use communities.  Newhall owns over 30,000 acres in the city of Santa Clarita and the Valencia community, located in the northern part of the County of Los Angeles.

The draft rule published on April 28, 2004, identified land located in Unit 6, Subunit B ("Unit 6b") as part of the arroyo toad critical habitat designation.  Newhall owns significant property within Unit 6b and would have been adversely affected by the draft designation had it become final.  However, in the final rule published on April 13, 2005, Unit 6b was excluded from the critical habitat designation due to: (1) economic considerations under Section 4(b)(2) of the Act; and (2) FWS' determination that habitat conservation plans and other conservation measures provided adequate protection of the species in this area.  With respect to this second rationale, the final rule provides as follows:

> In addition, as discussed above, there are a substantial number of Habitat Conservation Plans and other active conservation measures underway for the species, which provide greater conservation benefits than would result from a designation.  In regards to subunit 6b specifically, the Natural River Management Plan (NRMP) (Valencia Company 1998) ensures the protection of most of the river corridor areas considered essential for the arroyo toad along the Santa Clara River and lower San Francisquito Creek with conservation easements, which total approximately 1,200 ac (486 ha).  The Newhall Ranch Specific Plan (separate from the NRMP), includes protection via conservation easement for the Santa Clara River corridor from just above the confluence of Castaic Creek down to the Los Angeles County border.  The Castaic Creek river corridor below the I-5 bridge would be protected via conservation easement as well.  Newhall Land has also agreed to protect approximately 48 additional ac (19 ha) of prime arroyo toad habitat within the Santa Clara River corridor near the I-5 bridge via conservation easement (riparian areas not included in the NRMP).  Thus, most all of the breeding habitat and riparian river corridor in subunit 6b is protected or designated for protection via conservation easement.  Ultimately, these easements will extend along every river mile of Castaic Creek, San Francisquito Creek, and the Santa Clara River within subunit 6b.  There is

2

accordingly no reason to believe that the exclusion of unit 6 would result in extinction of the species.

(*Fed.Reg.* Vol. 70, No. 70, page 19599.)

In reliance on the final rule and Unit 6b's exclusion from the designation, Newhall began pursuing development projects on its properties. Those efforts are still underway and will require a series of permits from regulatory agencies. The injunction contemplated in paragraph (4) of the Complaint's prayer would have a direct impact on Newhall's efforts to continue developing its land in the Unit 6b region and securing the necessary permits to do so.

## III.    ARGUMENT

### A.    NEWHALL'S MOTION TO INTERVENE AS OF RIGHT IS BOTH AUTHORIZED BY LAW AND UNOPPOSED BY THE NAMED PARTIES

Federal Rule of Civil Procedure 24(a) allows intervention of right when a statute of the United States confers an unconditional right to intervene or when the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." (Fed. R. Civ. P. 24(a).) The goal of this rule is to permit efficient resolution of issues and broaden access to the courts; on that basis, the Ninth Circuit has held that the requirements for intervention are broadly interpreted in favor of intervention. (*United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th Cir. 2002).)

Newhall's property interests are sufficient to necessitate intervention in this action. Plaintiff's request that the current rule be vacated and the earlier draft rule be installed in its place would significantly affect Newhall's property rights and interests, and its ability to continue to pursue development permits on its property. That plaintiff has also requested, in effect, a moratorium on biological opinions and permits for projects in potential critical habitat only compounds the threat to Newhall's existing property interests. In order to make a showing that the

3

1   applicant's ability to protect their interest would be impaired if they were not permitted to

2   intervene, applicants must show that they "would be substantially affected in a practical sense by

3   the determination made in an action." (*Southwest Center for Biological Diversity v. Berg,* 268

4   F.3d 810, 822 (9th Cir. 2001).)  The Court's decision in this case - especially on the question of

5   injunctive relief - has the ability to directly and substantially affect Newhall's ability to utilize its

6   property.  Therefore, Newhall has met this requirement.

7

8                       **1.       The Application for Intervention Is Timely**

9           The complaint was filed on December 19, 2007.  As soon as Newhall became aware of the

10  pending litigation, it contacted counsel on both sides to determine whether either side would

11  oppose its intervention.  (See, Affidavit of David P. Hubbard, ¶¶2-3.)  Counsel for the existing

12  parties expressed no opposition.  Furthermore, the case is in the early stages.  No discovery or

13  dispositive motions have taken place.  Defendant's answer was filed on February 25, 2008, and an

14  Early Neutral Evaluation ("ENE") conference has been scheduled for March 26, 2008.   In

15  conjunction with this motion, Newhall has filed its answer to plaintiff's complaint, as well as a

16  settlement brief in anticipation of the ENE conference.  Newhall has not sought extensions or

17  continuances of any litigation deadline set by the Court.  Therefore, the parties would not be

18  prejudiced by Newhall's intervention.

19

20                      **2.       Newhall's Legal Position Will Not Be Adequately Advanced**
21                              **By the Existing Parties**

22          On July 20, 2007, FWS agreed  to review the final critical habitat rule and, as a result of

23  that review, has committed to redrafting and reissuing a *new* final rule.  For this reason, it appears

24  that liability is not in dispute and that the only remaining issues in the pending litigation are: (1)

25  the length of time FWS will need to complete the new rule; and (2) what interim relief, if any, is

26  required or warranted.  Newhall has no interest in the so-called "liability" issue and would not be

27  intervening to address or resurrect that issue.  Likewise, Newhall has no interest in determining the

28

                                                4

FWS timetable for completing the new rule; as a result, Newhall would not intervene on that question. The issue that concerns Newhall and implicates its property interests is the potential for interim relief. Newhall's property interest would be substantially affected depending on whether the current rule -- although in dispute -- will be kept in place until the new rule is issued, or whether the current rule will be vacated and replaced on an undetermined interim basis by the draft proposed rule published in the Federal Register on April 28, 2004 (see Complaint, Prayer for Relief, ¶(4)). In addition to requesting that the current rule be vacated, plaintiff has requested that FWS be enjoined from issuing any incidental take permits, biological opinions, or concurrences pursuant to ESA section 7 while the lawsuit is pending. These forms of interim relief would directly and adversely implicate Newhall's property interests, thereby requiring intervention.

With respect to intervention of right, the Ninth Circuit has outlined three factors that should be considered as to whether the party is already adequately represented by existing parties: "(1) are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings, which would not be covered by the parties in the suit?" (*Blake v. Pallan*, 554 F.2d 947, 954-955 (9th Cir. 1977).)

Based on the legal position outlined above, Newhall cannot rely upon the federal defendants to safeguard its interests in this case. The Secretary and FWS serve interests different from those of Newhall; and, therefore, they will employ strategies and arguments that may diverge significantly from those necessary to protect Newhall. Moreover, the Secretary and FWS do not have the requisite familiarity with Newhall's interests that would allow them to litigate on Newhall's behalf. Although the government represents the interests of all citizens, Newhall's interest is more specific than that of the public at large. If permitted to intervene, Newhall will

5

represent a necessary element of landowners potentially affected by the decisions made in this action.  Therefore, the only way for Newhall to protect its interest is to intervene.

**B.    IN THE ALTERNATIVE, NEWHALL REQUESTS PERMISSIVE INTERVENTION -- ALSO AUTHORIZED BY LAW AND UNOPPOSED**

Rule 24(b) provides for permissive intervention when an applicant's claim or defense and the main action have common questions of law or fact.  The facts set forth in section 2, above, demonstrate that Newhall's interest in defending against plaintiff's claims is rooted in common questions of fact with respect to the property that will be designated as arroyo toad critical habitat. Fed. R. Civ. P. 24(b) provides that where, as here, a timely application poses no threat of prejudice to the present parties and involves legal and factual questions that substantially overlap with those raised by the initial parties, intervention should be liberally granted.  Therefore, in the alternative, Newhall submits that it has satisfied the requirements for permissive intervention, for the same reasons described above.

## IV.    CONCLUSION

For the foregoing reasons, Newhall requests that this court grant Newhall's intervention request as a real party in interest.

March 19, 2008                          Respectfully submitted,

                                        David P Hubbard
                                        Mark J. Dillon
                                        Rachel C. Cook
                                        Gatzke Dillon & Ballance LLP

                                        Attorney for Applicant for Intervention, The Newhall
                                        Land and Farming Company


                                        By: __/s/ David P. Hubbard_____
                                              David P. Hubbard

6