1   David P. Hubbard (State Bar No. 148660)
    Mark J. Dillon (State Bar No. 108329)
2   Rachel C. Cook (State Bar No. 230140)
    Gatzke Dillon & Ballance LLP
3   1525 Faraday Avenue, Suite 150
    Carlsbad, California 92008
4   Telephone: (760) 431-9501
    Facsimile:  (760) 431-9512
5

6   Attorneys for Real Party in Interest,
    The Newhall Land and Farming Company
7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10  CENTER FOR BIOLOGICAL DIVERSITY,   )   Case No. 07-CV-2380 (JM AJB)
                                       )
11                                     )   **THE NEWHALL LAND AND**
                       Plaintiff,      )   **FARMING COMPANY'S ANSWER**
12                                     )   **TO PLAINTIFF'S COMPLAINT FOR**
    v.                                 )   **INJUNCTIVE AND DECLARATORY**
13                                     )   **RELIEF**
                                       )
14  UNITED STATES FISH AND WILDLIFE    )
    SERVICE and DIRK KEMPTHORNE,       )
15  Secretary of the Interior          )   Assignment:
                                       )   The Honorable Jeffrey T. Miller
16                     Defendants.     )
                                       )
17  ——————————————————————————         )
                                       )
18  THE NEWHALL LAND AND FARMING       )
    COMPANY,                           )   Date:   April 25, 2008
19                                     )   Time:   1:30 p.m.
                       Real Party in Interest.   )   Place:  Courtroom 16
20  ——————————————————————————         )

21

22

23

24

25

26

27

28

---

In answer to Plaintiffs' Complaint for Injunctive and Declaratory Relief ("Complaint"), The Newhall Land and Farming Company ("Newhall") hereby admits, denies, and alleges as follows:

**INTRODUCTION**

1.      To the extent that the allegations characterize the Federal Register notices at 59 Fed. Reg. 64,859 (December 16, 1994), 65 Fed. Reg. 36,512 (June 8, 2000), 66 Fed. Reg. 9,414 (February 7, 2001), 69 Fed. Reg. 23,254 (April 28, 2004), and 70 Fed. Reg. 19,562 (April 13, 2005), these notices speak for themselves and provide the best evidence of their content and meaning.  Any allegations contrary to the notices' plain language and meaning are denied.  The remainder of the allegations contained in Paragraph 1 consists of plaintiffs' factual or legal conclusions, which require no response.  To the extent a response is required, the allegations are denied.

2.      The allegations contained in Paragraph 2 consist of plaintiffs' characterization of a July 20, 2007 press release and a November 23, 2007 letter from the U.S. Fish and Wildlife Service ("FWS"), both of which speak for themselves.  To the extent a response is required to the allegations in paragraph 2, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies the allegations.

**JURISDICTION AND VENUE**

3.      The allegations in Paragraph 3 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations in paragraph 3 are denied.

4.      The allegations in Paragraph 4 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations in paragraph 4 are denied.

5.      Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies the allegations set forth in paragraph 5.

1

6.    Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies the allegations set forth in paragraph 6.

7.    The allegations in Paragraph 7 consist of legal conclusions, to which no response is required.  To the extent a response is required, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies the allegations set forth in paragraph 7.

8.    Newhall admits that Dirk Kempthorne is the Secretary of the Department of the Interior.  With respect to the remaining allegations in paragraph 8, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

9.    Newhall admits that the U.S. Fish and Wildlife Service is an agency of the United States government, and is an agency within and under the jurisdiction of the Department of the Interior.  With respect to the remaining allegations in paragraph 9, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

**FACTS**

10.    To the extent that the allegations in paragraph 10 characterizes the Federal Register notices at 59 Fed. Reg. 64, 859 (December 16, 1994), 66 Fed. Reg. 9,414 (February 7, 2001), and 69 Fed. Reg. 23,254 (April 28, 2004), these notices speak for themselves and provide the best evidence of their content and meaning.  With respect to the remaining allegations in paragraph 10, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

11.    To the extent that the allegations in paragraph 10 characterize the Endangered Species Act, 16 U.S.C. §§1531-1599, the statute speaks for itself and provides the best evidence of

2

its content and meaning.  With respect to the remaining allegations in paragraph 11, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

12.     To the extent that the allegations in paragraph 12 characterize the Recovery Plan issued by FWS on July 24, 1999, this document speaks for itself and provides the best evidence of its content and meaning.  With respect to the remaining allegations in paragraph 12, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

13     To the extent that the allegations in paragraph 13 characterizes the Endangered Species Act, 16 U.S.C. §§1531-1599, the statute speaks for itself and provides the best evidence of its content and meaning.  To the extent that the allegations in paragraph 13 characterize 65 Fed. Reg. 36512-36548, this document speaks for itself and provides the best evidence of its content and meaning.  With respect to the remaining allegations in paragraph 13, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

14.     To the extent that the allegations in paragraph 14 characterize 66 Fed. Reg. 9414-9474, this document speaks for itself and provides the best evidence of its content and meaning. To the extent that the allegations in paragraph 14 characterize the opinion in *Building Industry Legal Defense Foundation et al. v. Norton,* 231 F.Supp. 2d 100 (D.D.C. 2002), this opinion speaks for itself and provides the best evidence of its content and meaning.  With respect to the remaining allegations in paragraph 14, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

15.     To the extent that the allegations in paragraph 15 characterize the notice or recovery plans set forth in 69 Fed. Reg. 23254-23288, this document speaks for itself and provides

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the best evidence of its content and meaning.  With respect to the remaining allegations in paragraph 15, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

16.     To the extent that the allegations in paragraph 16 characterize orders made in *Building Industry Legal Defense Foundation et al. v. Norton,* 231 F.Supp. 2d 100 (D.D.C. 2002), these documents speak for themselves and provide the best evidence of their content and meaning. To the extent that the allegations in paragraph 16 characterize 70 Fed. Reg. 7459-7467 (February 14, 2005) and 70 Fed. Reg.19562-19581, these documents speak for themselves and provide the best evidence of their content and meaning.  With respect to the remaining allegations in paragraph 16, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

17.     To the extent that the allegations in paragraph 17 characterize 70 Fed. Reg.19562-19581 (April 13, 2005), this document speaks for itself and provides the best evidence of its content and meaning.  With respect to the remaining allegations in paragraph 17, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

18.     To the extent that the allegations in paragraph 18 characterize 70 Fed. Reg.19562-19581 (April 13, 2005), this document speaks for itself and provides the best evidence of its content and meaning.  With respect to the remaining allegations in paragraph 18, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

19.     To the extent that the allegations in paragraph 19 characterize 70 Fed. Reg.19562-19581 (April 13, 2005), this document speaks for itself and provides the best evidence of its content and meaning.  To the extent that the allegations in paragraph 19 characterize the

4

1   Endangered Species Act, 16 U.S.C. §§1531-1599, the statute speaks for itself and provides the
2   best evidence of its content and meaning.   The last sentence of the paragraph consists of legal
3   conclusions, to which no response is required.   With respect to any remaining allegations in
4   paragraph 19, Newhall is without information or knowledge sufficient to form a basis as to the
5   truth of the allegations, and on that basis, denies these allegations.
6
7       20.     The allegations in the first sentence of paragraph 20 consist of legal conclusions, to
8   which no response is required.   To the extent that the allegations in paragraph 20 characterize the
9   Federal Register notices at 69 Fed. Reg. 23,254 (April 28, 2004), 70 Fed. Reg. 7,459 (February 14,
10  2005), and 70 Fed. Reg.19562 (April 13, 2005), these documents speak for themselves and
11  provide the best evidence of their contents and meaning.   With respect to any remaining
12  allegations in paragraph 20, Newhall is without information or knowledge sufficient to form a
13  basis as to the truth of the allegations, and on that basis, denies these allegations.
14
15      21.     To the extent that the allegations in paragraph 21 characterize the Federal Register
16  notices at 70 Fed. Reg. 7,459 (February 14, 2005) and 70 Fed. Reg.19562 (April 13, 2005), these
17  documents speak for themselves and provide the best evidence of their contents and meaning.   To
18  the extent that the allegations in paragraph 21 characterizes the Endangered Species Act, 16
19  U.S.C. §§1531-1599, the statute speaks for itself and provides the best evidence of its content and
20  meaning.   To the extent that the allegations in paragraph 21 characterizes the Administrative
21  Procedures Act, 5 U.S.C. §500 *et seq.*, the statute speaks for itself and provides the best evidence
22  of its content and meaning.   With respect to any remaining allegations in paragraph 21, Newhall is
23  without information or knowledge sufficient to form a basis as to the truth of the allegations, and
24  on that basis, denies these allegations.
25
26      22.     The allegations in Paragraph 22 consist of legal conclusions, to which no response
27  is required.   To the extent a response is required, the allegations in paragraph 22 are denied.
28

5

23.    The allegations in Paragraph 23 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations in paragraph 23 are denied.

24.    To the extent that the allegations in paragraph 24 characterize the Endangered Species Act, 16 U.S.C. §§1531-1599, the statute speaks for itself and provides the best evidence of its content and meaning.  The remainder of the allegations in Paragraph 24 consist of legal conclusions, to which no response is required.  To the extent a response is required, the allegations in paragraph 24 are denied.

25.    To the extent that the allegations in paragraph 25 characterize the opinion in *Gifford Pinchot Task Force v. U.S. Fish & Wildlife Service,* 378 F.3d. 1059 (9th Cir. 2004), the decision speaks for itself and provides the best evidence of its content and meaning.  To the extent that the allegations in paragraph 25 characterize 50 C.F.R. § 402.02 and 70 Fed. Reg.19562 (April 13, 2005), these documents speak for themselves and provide the best evidence of their contents and meaning.  To the extent that the allegations in paragraph 25 characterize the Endangered Species Act, 16 U.S.C. §§1531-1599, the statute speaks for itself and provides the best evidence of its content and meaning.  The remainder of the allegations in Paragraph 25 consists of legal conclusions, to which no response is required.  To the extent a response is required, the allegations in paragraph 25 are denied.

26.    To the extent that the allegations in paragraph 26 characterize 70 Fed. Reg.19562 (April 13, 2005) and its related economic analysis, these documents speak for themselves and provide the best evidence of their contents and meaning.  The remainder of the allegations in Paragraph 26 consists of legal conclusions, to which no response is required.

27.    To the extent that the allegations in paragraph 27 characterize 70 Fed. Reg.19562 (April 13, 2005) and its related economic analysis, these documents speak for themselves and

6

provide the best evidence of their contents and meaning.  The remainder of the allegations in Paragraph 27 consists of legal conclusions, to which no response is required.

28.     To the extent that the allegations in paragraph 28 characterize 69 Fed. Reg. 23,254 (April 28, 2004) and 70 Fed. Reg.19562 (April 13, 2005) and its related economic analysis, these documents speak for themselves and provide the best evidence of their contents and meaning.  The remainder of the allegations in Paragraph 28 consists of legal conclusions, to which no response is required.

29.     To the extent that the allegations in paragraph 29 characterize a letter to Nick J. Rahall, II, this document speaks for itself and provides the best evidence of its contents and meaning.  The remainder of the allegations in Paragraph 29 consists of legal conclusions, to which no response is required.  To the extent that the remaining allegations in paragraph 29 require a response, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies these allegations.

**CLAIM OF RELIEF**

30.     Newhall's responses to the allegations in paragraphs 1 through 29 are incorporated herein by reference.

31.     To the extent that the allegations in paragraph 31 characterize 70 Fed. Reg.19562 (April 13, 2005), this documents speak for itself and provides the best evidence of its contents and meaning.  To the extent that the allegations in paragraph 31 characterize the Endangered Species Act, 16 U.S.C. §§1531-1599, the statute speaks for itself and provides the best evidence of its content and meaning.  The remainder of the allegations in Paragraph 31 consists of legal conclusions, to which no response is required.  To the extent a response is required, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies the allegations in paragraph 31.

7

32.    To the extent that the allegations in paragraph 32 characterize 69 Fed. Reg. 23,254 (April 28, 2004) and 70 Fed. Reg.19562 (April 13, 2005), these documents speak for themselves and provide the best evidence of their contents and meaning.  To the extent that the allegations in paragraph 32 characterize the Endangered Species Act, 16 U.S.C. §§1531-1599, the statute speaks for itself and provides the best evidence of its content and meaning.  The remainder of the allegations in Paragraph 32 consists of legal conclusions, to which no response is required.  To the extent a response is required, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies the allegations in paragraph 32.

33.    The allegations in paragraph 33 are legal conclusions which require no response. To the extent a response is required, Newhall is without information or knowledge sufficient to form a basis as to the truth of the allegations, and on that basis, denies the allegations in paragraph 33.

### REQUEST FOR RELIEF

The remaining allegations in plaintiff's Complaint contain a prayer for relief, and thus no response is required.  To the extent a further response may be required, Newhall denies that plaintiff is entitled to the relief requested in its Complaint or to any relief whatsoever.

### GENERAL DENIAL

Newhall denies each and every allegation of the Complaint not otherwise expressly admitted, qualified or denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent the plaintiff's complaint fails to state a claim on which relief can be granted, it should be dismissed.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Second Affirmative Defense**

To the extent that some or all of the plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel, those claims should be dismissed.

**Third Affirmative Defense**

To the extent that this Court lacks subject matter jurisdiction over some or all of the issues presented in this action, those issues should be dismissed.

**Fourth Affirmative Defense**

To the extent plaintiff has failed to exhaust administrative remedies with respect to any claim, that claim should be dismissed.

**Fifth Affirmative Defense**

To the extent plaintiff lacks standing with respect to any claim, that claim should be dismissed.

**Sixth Affirmative Defense**

To the extent that any claim is not ripe for adjudication, that claim should be dismissed.

**Seventh Affirmative Defense**

To the extent plaintiff seeks relief that affects the interest of unnamed parties, those parties are indispensable and no action may be maintained against them in their absence.

**REQUEST FOR RELIEF**

**WHEREFORE**, Newhall respectfully requests that this Court:

1.    Dismiss the action, *with prejudice*, with all parties to bear their own costs and attorneys' fees; and

/ / /

/ / /

/ / /

9

1         2.    Grant such other and additional relief as this Court deems appropriate.

2    March 19, 2008                          Respectfully submitted,

3                                            David P Hubbard

4                                            Mark J. Dillon
                                             Rachel C. Cook

5                                            Gatzke Dillon & Ballance LLP

6                                            Attorney for Applicant for Intervention, The Newhall

7                                            Land and Farming Company

8
                                             By:  ___/s/ David P. Hubbard_____
9                                                       David P. Hubbard

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28