Lisa T. Belenky (CA State Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682
Facsimile: (415) 436-9683
Email: lbelenky@biologicaldiversity.org

John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
5656 S. Dorchester Avenue No. 3
Chicago, IL  60637
Telephone: (323) 533-4416
Fax: (610) 885-2187
Email: jbuse@biologicaldiversity.org

*Attorneys for Plaintiff*

KAREN P. HEWITT
United States Attorney
THOMAS STAHL (CA Bar No. 078291)
Assistant U.S. Attorney
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7140
Facsimile: (619) 557-5004
Email: thomas.stahl@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
JEAN WILLIAMS, Chief
LISA RUSSELL, Assistant Chief
MEREDITH L. FLAX, Trial Attorney, Pro Hac Vice (D.C. Bar 468016)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0404
Facsimile: (202) 305-0275
Email: meredith.flax@usdoj.gov

*Attorneys for Defendants*

DAVID P. HUBBARD (CA Bar No. 148660)
MARK J. DILLON (CA Bar No. 108329)

1  RACHEL C. COOK (CA Bar No. 230140)
2  Gatzke Dillon & Ballance LLP
   1525 Faraday Avenue, Suite 150
3  Carlsbad, CA 92008
   Telephone: (760) 431-9501
4  Facsimile: (760) 431-9512

5  *Attorneys for Defendant-Intervenor*

6
                    IN THE UNITED STATES DISTRICT COURT
7                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8
   _____
9                                           )
   CENTER FOR BIOLOGICAL DIVERSITY          )
10                                          )
              Plaintiff,                    )
11                                          )    Case No. 07-2380-JM-AJB
              vs.                           )
12                                          )    STIPULATED SETTLEMENT
13 U.S. FISH AND WILDLIFE SERVICE, et al.   )     AGREEMENT AND ORDER
                                            )
14            Defendants, and               )
15 _____)
                                            )
16 THE NEWHALL LAND AND FARMING             )
   COMPANY,                                 )
17                                          )
              Defendant-Intervenor.         )
18 _____)

19
20     Plaintiff, Center for Biological Diversity ("CBD"), Federal Defendants, the United States

21 Fish and Wildlife Service and Dirk Kempthorne, Secretary of the United States Department of

22 the Interior (collectively "Service"), and Defendant-Intervenor the Newhall Land and Farming

23 Company, by and through their undersigned counsel, state as follows:

24     WHEREAS, on December 16, 1994, the Service listed the arroyo toad, *Bufo californicus*,

25 as endangered under the Endangered Species Act ("ESA"), 59 Fed. Reg. 64,859 (Dec. 16, 1994);

26     WHEREAS, pursuant to 16 U.S.C. § 1533(b)(5), on June 8, 2000, the Service issued a

27 proposed critical habitat rule for the arroyo toad, 65 Fed. Reg. 36,512 (June 8, 2000);

28

Stipulated Settlement Agreement          - 1 -              Case No. 07-cv-02380

WHEREAS, pursuant to 16 U.S.C. § 1533(b)(2) and 16 U.S.C. § 1533(b)(6)(A), on February 7, 2001, the Service issued a final rule designating critical habitat for the arroyo toad, 66 Fed. Reg. 9,414 (Feb. 7, 2001);

WHEREAS, the U.S. District Court for the District of Columbia vacated and remanded the Service's February 7, 2001 final critical habitat rule for the arroyo toad, Building Industry Legal Defense Foundation v. Norton, 231 F. Supp. 2d 100, 102 (D.D.C. 2002);

WHEREAS, on April 28, 2004, the Service issued a new proposed critical habitat rule for the arroyo toad, 69 Fed. Reg. 23,254 (Apr. 28, 2004);

WHEREAS, on February 14, 2005, the Service published revisions to the new proposed critical habitat rule for the arroyo toad, 70 Fed. Reg. at 7,459 (Feb. 14, 2005);

WHEREAS, on April 13, 2005, the Service issued a final rule designating critical habitat for the arroyo toad, 70 Fed. Reg. 19,562 (Apr. 13, 2005); 50 C.F.R. § 17.95(d);

WHEREAS, on July 20, 2007, the Service announced it would review and take further action, as appropriate, on the April 13, 2005 final critical habitat designation for the arroyo toad;

WHEREAS, on December 19, 2007, CBD filed a complaint for declaratory and injunctive relief, challenging the Secretary's April 13, 2005 designation of critical habitat pursuant to 16 U.S.C. § 1540(g)(1)(C);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to CBD's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in CBD's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

Stipulated Settlement Agreement        - 2 -        Case No. 07-cv-02380

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.      The Service agrees to re-consider its April 13, 2005 critical habitat designation for the arroyo toad.

2.      On or before October 1, 2009, the Service shall submit to the *Federal Register* a proposed revised critical habitat rule for the arroyo toad, pursuant to 16 U.S.C. § 1533(a)(3)(A)(ii) and 16 U.S.C. § 1533(b)(5).

3.      The Service will submit a final determination on the proposed revised critical habitat rule for the arroyo toad, pursuant to 16 U.S.C. § 1533(b)(6), to the *Federal Register* by October 1, 2010.

4.      Until the effective date of the final determination referenced in Paragraph 3, the existing designation of critical habitat for the arroyo toad, see 50 C.F.R. § 17.95(d), shall remain in place and effective.

5.       The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines for the actions specified in Paragraphs 2-3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before

pursuing relief from the Court.  If the parties are unable to resolve the claim after the meet and confer, either party may pursue relief from the Court.

6.      No party shall use this Agreement or the terms herein as evidence of what does or does not constitute lawful designation of critical habitat, in any other proceeding involving the Service's implementation of the ESA.

7.      Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay to Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Therefore, Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $9,299.88.  A check will be made payable in that amount to Plaintiff's undersigned counsel, Center for Biological Diversity, c/o Lisa T. Belenky, 351 California Street, Suite 600, San Francisco, CA 94104.

8.      Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this stipulation.

9.      Plaintiff agrees to accept payment of $9,299.88 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.

10.     Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

11.     The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify

the underlying schedule outlined in Paragraphs 2-3, or for any other unforseen continuation of this action.

12.    By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation, or continuation of the present action.  Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used  as evidence in any other attorneys' fees litigation.

13.    No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

14.    Defendants assert that no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341.  In response, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to designate critical habitat is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations.  Defendants reserve all legal and equitable defenses to such a claim.

15.    The parties agree that this Agreement was negotiated in good faith and constitutes a

settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

16.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

17.     The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

18.     Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1), and Defendant-Intervenor stipulates to the withdrawal of its intervention.

19.     Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Dated: June 5, 2008

                              /s/ Lisa T. Belenky
                              Lisa T. Belenky
                              CENTER FOR BIOLOGICAL DIVERSITY

                              Attorney for Plaintiff


                              RONALD J. TENPAS
                              Assistant Attorney General
                              JEAN E. WILLIAMS, Section Chief
                              LISA L. RUSSELL, Assistant Section Chief


                              /s/ Meredith L. Flax
                              MEREDITH L. FLAX, Trial Attorney
                              U.S. Department of Justice

1   Wildlife & Marine Resources Section
    Environment & Natural Resources Division
2

3   Attorneys for Defendants

4
    /s/ David P. Hubbard
5   David P. Hubbard
    Mark J. Dillon
6   Rachel C. Cook
    GATZKE DILLON & BALLANCE LLP
7
8   Attorneys for Defendant-Intervenor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>ORDER</u>**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this _____ day of _____ 2008.

_____

_____UNITED STATES DISTRICT JUDGE